HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATILDA JEAN DUFFY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. C02-5440 RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled court upon Defendant's Response to Plaintiff's Third and Fourth Motion to Enforce Settlement Agreement and Cross-Motion for Summary Judgment [Dkt. #76]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

In August, 2002, Plaintiff, then known as Malissa O'Dubhthaigh, filed a Complaint in this Court alleging that the Department of Veterans' Affairs was contracting out her medical care. She sought to have her care handled by the VA. The Honorable Franklin D. Burgess was assigned the case.

In February, 2003, the VA and Plaintiff entered into a settlement agreement wherein the VA agreed to reinstate her medical care. Not as part of the original lawsuit but in order to

resolve Plaintiff's concerns raised in settlement negotiations that her medical records did not accurately reflect her gender, the VA agreed to the placement of a crisis note in her medical records. The crisis note says: "Veteran shall be described as female in all written and verbal communications. She is medically and legally a hypogonadal female. All notes should be consistent with this. For questions, contact Bruce Braunke, Ph.D, 63843 or Gordon Starkebaum, M.D., Chief of Staff." [Settlement and Stipulated Dismissal, para. 5, Dkt. #19]. The Settlement and Stipulated Dismissal was entered into by the parties on February 24, 2003, and an Order thereon was signed by Judge Burgess on March 2, 2003. [Dkt. #19]. The case was thereafter closed.

At the time the settlement was reached, Plaintiff was living in the Puget Sound Region and was being treated in Portland, Oregon. She has since relocated to Alabama and has been treated at VA facilities in Montgomery, Alabama and at Eglin Air Force Base in Florida.

On May 10, 2011, Plaintiff filed a Motion for Contempt and Injunctive Relief alleging that the VA has breached the settlement agreement because some of her new VA medical providers have not protected her medical privacy and have refused to refer to her as female. In a "Corrected" Motion for Contempt and Injunctive Relief [Dkt. #56] she sought an order enforcing the Settlement and Stipulated Dismissal against all VA Medical Centers, including American Lakes, Central Alabama, and Northern California Veterans Healthcare Systems. She also sought an order directing the Community Based Outreach Clinic at Elgin Air Force Base to comply with the settlement.

The Defendants moved to dismiss Plaintiff's motion under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The Court denied the motion and designated the Honorable J. Richard Creatura as settlement judge [Dkt. #64]. The parties were unable to reach an agreement.

Since filing the initial Motion for Contempt, Plaintiff has filed multiple Motions for "Emergency Relief" and motions to "Enforce the Settlement Agreement."

Defendants now move for summary judgment arguing, *inter alia*, that Plaintiff has failed to state a claim upon which relief can be granted.[1]

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Plaintiff is claiming that the VA breached a settlement agreement. "An agreement to settle a legal dispute is a contract and its enforceability is governed by familiar principles of contract law." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Contract disputes are governed by the Tucker Act. 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).

---

[1] Whether the motion is considered as a motion for summary judgment under Fed. R. Civ. P. 56 or as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the result is the same.

The Tucker Act waives sovereign immunity for contract disputes, but it does not create substantive rights. There must be an independent statutory or contract right at issue. *Holmes v. United States*, 657 F.3d 1303, 1309 (Fed. Cir. 2011). The agreement at issue "need not explicitly provide that the right or duty it creates is enforceable through a suit for damages, but it triggers liability only if it can fairly be interpreted as mandating compensation by the Federal Government." *Id*. (internal quotations and citations omitted). Also, the Tucker Act does not authorize equitable relief, and does not provide for damages for pain and suffering, and for emotional distress. *Northside Lumber Co., et. al., v. Block*, 753 F.2d 1482, 1485 (9th Cir. 1985); *Mastrolia v. United States*, 91 Fed.Cl. 369, 381 (Fed. Cl. 2010).

In this case, the underlying complaint was for injunctive relief, and not monetary damages. The settlement agreement resolved the issue of who will provide Plaintiff's medical care and the placement of the crisis note in her file. The agreement did not provide money damages to Plaintiff. A review of the settlement agreement clearly demonstrates that it cannot "fairly be interpreted as mandating compensation by the Federal Government" in the event of a breach. Therefore, Plaintiff's attempts to enforce the settlement agreement in this Court fail as a matter of law under the Tucker Act and Defendants are entitled to summary judgment.

Defendant's Motion [Dkt. #76] is **GRANTED**. All pending motions are **STRICKEN AS MOOT**. This case is again **CLOSED**.

The Court will accept no further filings from Plaintiff in this matter except for a Notice of Appeal.

**IT IS SO ORDERED.**

1  The Clerk shall send uncertified copies of this order to all counsel of record, and to any
2  party appearing pro se.
3  Dated this 10th day of November, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER- 5